Maldonado & Cruz, PLLC.
Attorneys for Plaintiff
By Angel Cruz, Esq.(AC0790)
181 East 161 Street
- Lobby Suite-
Bronx, New York 10451
(718) 828-6050


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALBERTO TELLERIA-PIADOZO,

                     Plaintiff,                           **COMPLAINT AND**
   -against-                                         **JURY TRIAL DEMAND**

THE CITY OF NEW YORK; THE NEW YORK       Civil Action No. 16-CV-1081
CITY POLICE DEPARTMENT; NYPD P.O. SANTANA;
JOHN DOE, NYPD
                     Defendants.
------------------------------------------------------X

## **PRELIMINARY STATEMENT**

1. This is an action brought pursuant to Title 42 U.S.C. §§ 1983, 1988 and New York State law alleging civil rights violations committed by the City of New York and individuals employed by the New York City Police Department (hereinafter "the NYPD"). Plaintiff alleges that, on October 22, 2015, at 1:20 P.M. NYPD officers subjected him to an illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12. In addition, Plaintiff alleges that the City of New York and the NYPD

1

negligently hired, trained, supervised, and retained the subject NYPD officers. Plaintiff now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

## **JURISDICTION & VENUE**

2. This action is brought pursuant to title 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by title 28 U.S.C. § 1331 and § 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to title 28 U.S.C. § 1367 to hear and decide Plaintiff's claims brought under New York State law.

4. Venue is proper in the Southern District of New York pursuant to title 28 U.S.C. §1391 (b).

## **PARTIES**

5. Plaintiff, Alberto Telleria-Piadozo, is an adult citizen of the United States, and resident of the State of New York. The events complained of occurred in the City of New York, New York County.

6. The City of New York is a municipal corporation organized under the laws of the State of New York. Police Officer Santana, and John Doe, NYPD are employed by NYPD and were involved in the arrest of Plaintiff and responsible for the torts arising out of Plaintiff's illegal stop and seizure,

assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress. These NYPD officers were acting under color of state law, and in their capacities as NYPD officers at all relevant times herein.  The officers are liable for directly participating in the unlawful acts described herein, and for failing to intervene to protect Plaintiff from unconstitutional conduct.  The NYPD officers are sued in their individual capacities as well.

## **JOINT LIABILITY**

7. This action falls within one or more of the exceptions set forth in CPLR § 1602.

## **NOTICE OF CLAIM**

8. Within 90 days of the events giving rise to this claim, Plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## **ALLEGATIONS OF FACT**

9. On October 22, 2015 at 1:20 P.M., Plaintiff was lawfully present on West 146th Street between Amsterdam and Broadway in City of New York in the County of New York.

10.  Without reasonable cause or justification NYPD Officer Santana and his partner jumped out of their un-marked vehicle, charged the Plaintiff tackling him to the ground. While Plaintiff was defenseless on the ground, NYPD Officer Santana began unlawfully assaulting him, by violently punching

Plaintiff in the face, and banging Plaintiff's head against the ground. NYPD Officer Santana then "choked" Plaintiff while he screamed – "don't swallow the drugs". Plaintiff was illegally stopped and seized without probable cause or reasonable suspicion that he committed a crime. Plaintiff was handcuffed and put into the un-marked NYPD vehicle, searched, and upon discovering Plaintiff did not possess any contraband, the handcuffs were removed. Police Officer Santana then drove approximately two (2) blocks from where the incident occurred while stating to Plaintiff "What I did to you was nothing. You are lucky this is not the Dominican Republic."

11. Plaintiff was issued a desk appearance ticket for disorderly conduct (P.L. 240.20), and released.

12. Plaintiff received medical attention for the injuries sustained as a result of Police Officer Santana's unlawful conduct.

13. On December 15, 2015, the New York County District Attorney's Office declined to prosecute the case, and dismissed the disorderly conduct charge, given the police misconduct.

14. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, and loss of liberty. Plaintiff alleges that the NYPD officers subjected him to an illegal stop and seizure, assault and battery causing physical injury, false arrest, unlawful imprisonment, malicious prosecution, and intentional and emotional distress in violation of

4

the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12. In addition, Plaintiff alleges that the City of New York and the NYPD negligently hired, trained, supervised, and retained the subject NYPD officers. Plaintiff now seeks compensatory and punitive damages, declaratory relief, an award of attorney's fees and costs pursuant to title 42 U.S.C. § 1988(b), an award of any expert witness fees pursuant to title 42 U.S.C. §1988(c), and such other relief this Court deems just and proper.

### FIRST CAUSE OF ACTION
(TITLE 42 U.S.C. § 1983)

15. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-14 as fully set forth herein.

16. Defendants acted under the color of law and conspired to deprive Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions. Defendants are liable to Plaintiff under title 42 U.S.C. § 1983 and Article one (1) sections five (5) and twelve (12) of the New York State Constitution.

17. Plaintiff has been damaged as a result of Defendants' wrongful acts.

### SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

18. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-

17 as fully set forth herein.

19. New York City and the NYPD are liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants.

20. New York City and the NYPD knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

21. The aforesaid event was not an isolated incident. New York City and the NYPD have been aware for some time (from lawsuits, notices of claim, and complaints filed with the Civilian Complaint Review Board) that many of their officers are insufficiently trained on how to avoid excessive use of force.  New York City and the NYPD insufficiently disciplined officer for not reporting fellow officers' misconduct that they have observed, and they failed to discipline offers for making false statements to disciplinary agencies. New York City and the NYPD are aware that all of the aforementioned acts have resulted in violations of citizens' constitutional rights. Despite such notice Defendants have failed to take corrective action. This failure and these polices caused the officers in the present case to violate Plaintiff's civil and constitutional rights, without fear of reprisal.

22.  New York City and the NYPD knew or should have known that the NYPD officers who caused Plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, New York City and the

NYPD failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

23. New York City and the NYPD have failed to take steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the individual Defendants in this and similar cases involving misconduct.

24. The above described policies and customs demonstrated a deliberate indifference on the part of New York City and the NYPD policymakers to protect the constitutional rights of persons within New York City, and were the cause of the violations of the Plaintiff's rights herein alleged.

25. New York City and the NYPD have damaged Plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving NYPD officer misconduct.

26. Plaintiff has been damaged as a result of the wrongful, negligent, and illegal acts of New York City and the NYPD.

### THIRD CAUSE OF ACTION
(CONSTITUTIONAL TORTS)

27. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-26 as fully set forth herein.

28. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12.

29. A damages remedy here is necessary to effectuate the purposes of Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution Article 1 §§ 5, and 12. This is appropriate here to ensure the full realization of Plaintiff's right in the aforementioned sections of the Federal and New York State Constitutions.

30. Plaintiff has been damaged as a result of the wrongful, negligent, unconstitutional, and illegal acts of New York City and the NYPD.

## FOURTH CAUSE OF ACTION
(ASSAULT)

31. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-30 as fully set forth herein.

32. By striking Plaintiff Defendants made Plaintiff fear for his physical well-being, and safety, and placed him in apprehension of immediate harmful or offense touching.

33. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

34. Plaintiff was damaged by Defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

35. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-34 as fully set forth herein.

36. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him.

37. Defendants used excessive and unnecessary force with Plaintiff. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

38. Plaintiff was damaged by Defendants' assault.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING AND RETENTION)

39. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-38 as fully set forth herein.

40. Defendants, NYPD Officers, had a bad disposition and New York City and the NYPD knew or should have known of facts that would have led a responsible and prudent person to further investigate Defendants, NYPD Officers, bad dispositions through the hiring process.

41. Defendants knew or should have known that their failure to investigate Defendants, NYPD Officers, bad dispositions would lead to Plaintiff's injury.

42. Defendants were negligent in their hiring and retaining the NYPD Officers involved in this case in that they knew or should have known of the NYPD Officers' propensity to use excessive force.

43. Defendants have deprived Plaintiff of his civil, constitutional, statutory rights, and have conspired to deprive him of such rights and are liable to Plaintiff under the common law, title 42 U.S.C § 1983, New York State and Federal law, and the New York State and Federal Constitutions.

44. The injury to Plaintiff was caused by the NYPD Officers' foreseeable use of excessive force.

## SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

45. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-44 as fully set forth herein.

46. Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant, City of New York, and in furtherance of Defendant, City of New York's interest.

47. As a result of Defendants' tortious conduct in the course of their employment and in furtherance of the business of Defendant, City of New York, Plaintiff was damaged.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees pursuant to title 42 U.S.C § 1988(b);

d. Cost, interest and expert witness fees pursuant to title 42 U.S.C § 1988(c);

e. Such other and further relief as this Court may deem just and proper, including declaratory relief.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated:  February 11th, 2016
Bronx, N.Y.

_____
By Angel Cruz, Esq.(AC0790)
Attorneys for Plaintiff
Maldonado & Cruz, PLLC.
181 East 161 Street
- Lobby Suite-
Bronx, New York 10451
(718) 828-6050

To:  New York City Office of
Corporation counsel
100 Church Street
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALBERTO TELLERIA-PIADOZO,

                Plaintiff,

  -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; NYPD P.O. SANTANA;
JOHN DOE, NYPD

                Defendants.
-------------------------------------------------------X

Civil Action No. 16-CV-1081

---

### TITLE 42 U.S.C. §1983 COMPLAINT

---

**MALDONADO & CRUZ, PLLC.**
**181 East 161 Street – Lobby Suite**
**Bronx, New York, 10451**
**Tel: (718) 828-6050**

---

Dated: February 11th, 2016
       Bronx, New York

Signature _____
              Angel Cruz, Esq. (AC0790)

To:  New York City Office of
      Corporation counsel
      100 Church Street
      New York, New York 10007